UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60612-CIV-COHN/SELTZER

KEMAR FUNG CHUNG, on his own
behalf and others similarly situated,

      Plaintiff,

v.

AFFORDABLE BATTERY, INC.,
AMERICAN TOWING AND AUTOMOTIVE
OF BROWARD, LLC, and CURTIS SOLES,

      Defendants.
_____/

## ORDER DENYING MOTION TO CERTIFY CLASS

**THIS CAUSE** is before the Court on Plaintiff's Motion for Conditional Certification

of an FLSA Collective Action and to Authorize Notice to Potential Members of the

Collective Class [DE 12] ("Motion").  The Court has considered the Motion, Defendants'

Response [DE 15], and is otherwise fully advised in the premises.

### I.  BACKGROUND

On April 5, 2012, Plaintiff Kemar Fung Chung brought this action on behalf of

himself and all others similarly situated against Defendants Affordable Battery, Inc.,

Iman Nonahal d/b/a American Towing, and Curtis Soles.[1]  See Complaint [DE 1].

Plaintiff asserts claims for unpaid overtime compensation and unpaid minimum wages

against all Defendants under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").

Plaintiff also alleges a retaliation claim against Defendants Affordable Battery, Inc., and

---

[1]     The court notes that this Motion appears to be based on the original Complaint
[DE 1].  An Amended Complaint [DE 29] has been filed that substitutes Defendant
American Towing and Automotive of Broward, LLC in place of Defendant Iman Nonahal
d/b/a American Towing.  However, this change in parties does not alter the Court's
analysis of the Motion.

Curtis Soles under Florida's Workers' Compensation Act, Fla. Stat. § 440.205.  See id.

According to the Complaint, Plaintiff worked as a driver and dispatcher for Defendants from 2009 until December 2011.  Id. ¶ 19.  Plaintiff alleges that Defendants failed to compensate him and similarly situated employees for all overtime hours they worked, and failed to pay them minimum wage for certain services.  Id. ¶¶ 21-26. Plaintiff further alleges that Defendants Affordable Battery, Inc., and Curtis Soles terminated his employment after he sought legal counsel regarding recovery of expenses for a workplace injury.

On May 11, 2012, Plaintiff filed the instant Motion seeking class certification. Defendant opposes the motion.

## II. LEGAL STANDARDS

Section 216(b) of the FLSA permits an employee to bring an action against his employer for FLSA violations on behalf of himself and "other employees similarly situated."  29 U.S.C. § 216(b) (1998).  Moreover, § 216(b) contains an opt-in provision that requires all similarly situated employees to consent in writing before becoming party-plaintiffs.  Id.  It is well settled in the Eleventh Circuit that a district court has the authority to issue an order requiring notice to similarly situated persons in order to facilitate the opt-in process.  See Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996); Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991). Before determining whether to exercise such power, however, "the district court should satisfy itself that there are other employees . . . [(1)] who desire to 'opt-in' and [(2)] who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions."  Dybach, 942 F.2d at 1567-68.

2

Under <u>Dybach</u>'s first requirement, a plaintiff must show that there are other employees who desire to opt-in before a court can conditionally certify a class.  <u>Dybach</u>, 942 F.2d at 1567-68.  In making this showing, a plaintiff cannot rely on speculative, vague, or conclusory allegations.  <u>Rodgers v. CVS Pharm., Inc.</u>, No. 8:05-CV770T-27MSS, 2006 WL 752831, at *3 (M.D. Fla. Mar. 23, 2003); <u>see also</u> <u>Manzi v. Hartman & Tyner, Inc.</u>, No. 11-60426-CIV, 2011 WL 2110279, at *2 (S.D. Fla. May 25, 2011) (citing <u>Grayson</u>, 79 F.3d at 1097, and <u>Rodgers</u>, 2006 WL 752831, at *3); <u>Abrego v. Baker Landscape Corp.</u>, No. 10-80944-CV, 2010 WL 5330520, at *2 (S.D. Fla. Dec. 2, 2010).  Instead, the plaintiff must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary."  <u>Grayson</u>, 79 F.3d at 1097.

The Eleventh Circuit recommends a two-tiered approach in determining whether to certify and notify a § 216(b) opt-in class.  <u>Hipp v. Liberty Nat'l Life Ins. Co.</u>, 252 F.3d 1208, 1219 (11th Cir. 2001).  Under this approach, the Court initially applies a lenient standard when deciding whether to conditionally certify a class in the early stages of litigation, and applies a more rigorous standard in the later stages of litigation, usually when the defendant files a motion for decertification.  <u>See</u> <u>id.</u> at 1218, 1219.  This case is currently in the early stages of litigation, so the Court applies the lenient standard.  Even under the lenient standard, however, a plaintiff still has "the burden of demonstrating a reasonable basis for crediting [his] assertions that aggrieved individuals existed in the broad class that [he] proposed."  <u>Haynes v. Singer Co, Inc.</u>, 696 F.2d 884, 887 (11th Cir. 1983).

### III. ANALYSIS

Here, the Court concludes that Plaintiff has failed to meet his burden as to the

first <u>Dybach</u> requirement.  <u>Dybach</u>, 942 F.2d at 1567-68.  Plaintiff asserts that the proposed class consists of "dispatchers, drivers, or non-exempt employees paid an hourly wage" who were employed by the Defendants.  Compl. ¶ 15.  According to the Complaint, "The exact number of members of the class . . . is unknown at this time, however it is estimated that there are not less than fifteen members."  <u>Id.</u>  ¶ 16.[2]  Plaintiff offers no further detail, either in the Complaint or this Motion, regarding the makeup of the class.  Nor has he produced any evidence that other employees wish to opt-in.  Such unsupported allegations that FLSA violations are widespread throughout a company, and that additional plaintiffs will join the suit, are insufficient to support class certification.  <u>See</u> <u>Morgan v. Family Dollar Stores, Inc.</u> 551 F.3d 1233, 1261 (11th Cir. 2008) (citing <u>Haynes</u>, 696 F. 2d at 887).  Therefore, Plaintiff's Motion will be denied.

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Conditional Certification of an FLSA Collective Action and to Authorize Notice to Potential Members of the Collective Class [DE 12] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 29th day of August, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

[2]     The Court notes that Plaintiff has removed these allegations in his Amended Complaint [DE 29], and has not added any new class allegations in the Amended Complaint.

4